## W. Simco v. The State.

1. Embezzlement, though kindred to theft, is a separate and distinct offence. Theft involves the idea of an unlawful acquisition, whereas embezzlement is the fraudulent conversion of personal property after its possession has been lawfully acquired.

2. Same — Indictment. — The Revised Code of Criminal Procedure, art. 714, authorizes a conviction for embezzlement under an indictment for theft. But a retroactive operation cannot be allowed to this new provision; and therefore, in a trial for theft alleged to have been committed before the Revised Codes took effect, it was error to instruct the jury to convict for

embezzlement if they found that the possession of the converted property was lawfully acquired by the accused.

3. PRACTICE. — Had the error been merely in the rendition of the judgment on the verdict, it could have been corrected by this court.

APPEAL from the District Court of Tarrant.    Tried below before the Hon. J. A. CARROLL.

The indictment was found in May, 1879, and charged the appellant with the theft, December 28, 1878, of a wagon, horse, and mule, the property of P. D. Williamson.    The jury found him guilty of embezzlement of property over the value of $20, and assessed his punishment at eight years in the penitentiary.

The evidence shows that in Christmas week, 1878, the appellant was employed by Williamson to drive the latter's wagon and team to Fort Worth with a load of cotton.    The team consisted of a horse and a mule, and they and the wagon were confided by Williamson to the appellant, who proceeded with them to Fort Worth, and there sold them at auction for $95.    As the appellant did not return to Williamson's when expected, the latter went to Fort Worth and found his property in the possession of the unlucky purchaser, from whom he reclaimed and recovered it. Appellant had retreated, but was pursued to Grayson County and brought back by his victims.    Though the verdict was for embezzlement, the judgment was for theft.

*B. G. Johnson* and *Smith & Jarvis*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J.    The offence of embezzlement, while nearly akin to larceny, and generally regarded as of that family, is nevertheless a separate and distinct offence, and essentially variant from the latter.    Theft is the fraudulent taking of personal property under certain designated circumstances, and necessarily involves the idea of an unlawful acquisition.

Embezzlement is the fraudulent conversion of similar property after its possession has been lawfully acquired. This variance in the character of the two offences led the Legislature, in the adoption of the Revised Code of Criminal Procedure, to provide expressly that in a prosecution for theft a conviction might be had for " embezzlement, and all unlawful acquisitions of personal property punishable by the Penal Code." Code Cr. Proc., art. 714, sect. 6. Prior to this change in the law, it was permissible to convict, under an indictment for theft, only for all unlawful acquisitions punishable by the Code. Pasc. Dig., art. 3096, sect. 5.

In view of this legislation, and the difference in the two offences of theft and embezzlement, we are constrained to hold that, in a prosecution for theft occurring prior to the adoption of the Revised Code, it was error for the court to instruct the jury to convict of embezzlement, if the facts showed the commission of that offence instead of the offence of theft, and that a verdict so found is not supported by the indictment. The new provision in the Code cannot be made to act retrospectively. *Callaway* v. *The State*, 7 Texas Ct. App. 585.

The entry of the judgment, adjudging appellant guilty of theft upon a verdict finding him guilty of embezzlement, would not necessitate a reversal of the case, but only a reformation of the judgment, by this court. Pasc. Dig., art. 3208 ; Rev. Code Cr. Proc., art. 869.

The judgment is reversed and the cause remanded, in order that the matter may be further investigated and acted upon by the grand jury of Tarrant County.

*Reversed and remanded.*